Dear Mr. Sharp:
This letter is in response to your request for an official Attorney General opinion. I understand your question to be as follows:
 Will Dunklin County become a second class county on January 1, 1981?
As you point out, Section 48.020, RSMo 1969, requires that a county obtain an assessed valuation of $70-million and maintain that assessed valuation for a period of five years before it may become a county of the second class. However, Section 48.020, RSMo 1979 (80th General Assembly, House Bill No. 583), which became effective September 28, 1979, requires that a county attain an assessed valuation of $125-million and maintain that assessed valuation for a period of five years before becoming a county of the second class.
It is our understanding that Dunklin County achieved an assessed valuation greater than $70-million in the fiscal year 1975 and has maintained that assessed valuation since that time. Thus, Dunklin County would have achieved its required five years or assessed valuation of $70-million during the calendar year 1979. However, it was during that calendar year that the law was changed to require that an assessed valuation must reach $125-million before a county may move to a county of the second class. Accordingly, the question now becomes does Dunklin County become a county of the second class January 1, 1981, Section 48.020, RSMo 1979 (80th General Assembly, House Bill No. 583) to the contrary notwithstanding or is Section 48.020, RSMo 1979 (80th General Assembly, House Bill No. 583) applicable to Dunklin County upon its effective date thereby barring Dunklin County from becoming a county of the second class because it has not attained the newly prescribed assessed valuation of $125-million and maintained said assessed valuation for a period of five years.
As you know the Supreme Court of Missouri in Chaffin v.County of Christian, 359 S.W.2d 730 (Mo. banc 1962) andRussell v. Callaway County, 575 S.W.2d 193 (Mo. banc 1978) cited Art. VI, § 8 of the Missouri Constitution in declaring that only four classifications of counties are permitted by said constitution. Accordingly, in both Chaffin, supra andRussell, supra, the Missouri Supreme Court set aside statutes which created constitutionally impermissible fifth classes of counties. It is the opinion of this office that a similar question is raised as a result of the enactment of Section48.020, RSMo 1978 (80th General Assembly, House Bill No. 583). Since the Missouri Supreme Court has determined that this office is not empowered to rule upon the constitutionality of Missouri statutes, it is our position that the question you raise may only be determined by a competent court of law of the State of Missouri. Accordingly, if you desire a definitive answer to your question, it is our recommendation that you take appropriate steps to institute litigation as to the status of Dunklin County.
Respectfully,
 JOHN ASHCROFT Attorney General